## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

FRANKLIN D. HUDSON,                        )
                                 )
          Plaintiff,                        )     CIVIL ACTION FILE NO.: 22A01224
                                 )
v.                                         )
                                 )
HYEONGYEONG IM and ABC COMPANY,            )
INC.,                                      )
                                 )
          Defendants.                       )

### COMPLAINT FOR PERSONAL INJURIES, PAIN AND SUFFERING, MEDICAL EXPENSES

COMES NOW Franklin D. Hudson, Plaintiff in the above-styled action, who hereby brings this his Complaint for Personal Injuries, Pain and Suffering, and Past and Future Medical Expenses by showing the Court as follows:

### JURISDICTIONAL ALLEGATIONS

1.

At the time of the subject incident Plaintiff Franklin D. Hudson (hereinafter "Plaintiff") resided in DeKalb County, Georgia.

2.

Defendant Hyeongyeong Im (hereinafter "Defendant Im") is a resident of Lee County, Alabama, and resides at 944 Starr Ct. Auburn, Alabama 36830.

3.

Defendant Im may be personally served with the Summons and Complaint by serving her at her residence located at 944 Starr Ct. Auburn, Alabama 36830.

4.

Defendant ABC Company, Inc. (hereinafter "Defendant ABC"), upon information and belief, is a foreign profit corporation duly registered and authorized to conduct business in the State of Georgia.

5.

Should Plaintiff discover the identity of Defendant ABC as vicariously or otherwise liable for the negligent acts and omissions of Defendant Im at the time of the subject incident, whether

STATE COURT OF
DEKALB COUNTY, GA.
3/31/2022 3:58 PM
E-FILED
BY: Monica Gay

as employer of Defendant Im or otherwise, Plaintiff will seek to have the proper party added as a corporate defendant to this action.

6.

Upon information and belief, Defendant Im was acting under and/or pursuant to the direction, control, and/or supervision of Defendant ABC, as agent or employee of Defendant ABC at the time of the subject incident. Accordingly, Defendant ABC will be subject to the jurisdiction and venue of this Court. O.C.G.A. § 14-2-510(4).

7.

The subject incident occurred on Georgia Interstate 85 South (I-85S) near the Georgia Interstate 285 (I-285) junction, which is in DeKalb County, Georgia.

8.

Plaintiff's injuries sustained as a result of the subject incident occurred in DeKalb County, Georgia.

9.

Defendant Im is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. §§ 9-10-91(1), (2) and 9-10-93.

## FACTUAL ALLEGATIONS

10.

Paragraphs 1 through 9 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

11.

On March 30, 2021, Plaintiff was operating a 2020 Ford Fusion while traveling on I-85S near the I-285 junction in the leftmost (non-Peach Pass) lane.

12.

At said time and place, Defendant Im, while operating a 2021 Hyundai Palisade was also traveling on I-85S near the I-285 junction in the leftmost (non-Peach Pass) lane in front of Plaintiff.

13.

Defendant Im completely stopped in the middle of the leftmost lane on I-85S in the middle of rush hour traffic.

14.

Defendant Im's actions caused a high-speed rear-end crash into the vehicle being operated

2

by Plaintiff.

15.

Defendant Im's actions violated O.C.G.A. § 40-8-7, namely, Knowingly Operating an Unsafe Vehicle.

16.

Defendant Im's actions also violated O.C.G.A. § 40-6-123, namely, Failure to Use Signal When Slowing or Stopping.

17.

Defendant Im's actions also violated O.C.G.A. § 40-6-184, namely, Impeding Traffic Flow and Operating at Slow Speed in Passing Lane.

18.

Defendant Im was negligent in operating the unsafe vehicle on the roads and highways of the State of Georgia.

19.

Defendant Im knew the vehicle was defective with a deflated or otherwise unsafe tire, and nonetheless entered onto I-85S.

20.

Defendant Im entered onto I-85S during rush hour traffic on a weekday, changing lanes into the leftmost lane, and subsequently came to a complete stop in the middle of traffic without signal, due to the known flat tire.

21.

Defendant Im's actions were the proximate cause of the collision with the vehicle Plaintiff was operating.

22.

The collision caused Plaintiff to sustain bodily injuries, physical pain, and mental suffering.

23.

At all times herein mentioned, the vehicle occupied by Plaintiff was operated in a lawful manner, with due caution and regard for the motor vehicle laws of the State of Georgia.

24.

At all times material, Plaintiff conducted himself in a safe and lawful manner, and he did not in any way cause or contribute to the subject collision caused by the negligence of Defendant

3

Im.

## COUNT I
## NEGLIGENCE

25.

Paragraphs 1 through 24 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

26.

Defendant Im owed duties to exercise due and reasonable care to Plaintiff, as well as to the other motorists on the road, while operating a motor vehicle.

27.

Defendant Im breached those duties owed to Plaintiff by operating the vehicle negligently.

28.

Plaintiff was injured in this incident.

29.

Defendant Im failed to exercise reasonable care for the safety of others and caused injuries to Plaintiff.

30.

As a direct and proximate result of the aforesaid negligent acts and breaches of duty by Defendant Im, Plaintiff suffered serious, painful, and disabling injuries and has endured mental pain and suffering.

31.

Defendant Im's negligence, that constituted the direct and proximate cause of injury to Plaintiff, consisted of knowingly and intentionally operating an unsafe vehicle with a flat or otherwise defective tire on I-85S in violation of O.C.G.A. §§ 40-8-7 and 40-8-74.

32.

Defendant Im's negligence, that constituted the direct and proximate cause of injury to Plaintiff, also consisted of merging into the leftmost lane of I-85S during rush hour traffic with a flat or otherwise defective tire in violation of O.C.G.A. §§ 40-6-40(b), 40-6-123(c), 40-6-184, 40-6-390, and 40-8-7.

33.

Defendant Im's negligence, that constituted the direct and proximate cause of injury to

4

Plaintiff, further consisted of suddenly coming to a complete stop in the middle of the leftmost lane on I-85S during rush hour traffic in violation of O.C.G.A. §§ 40-6-184, 40-6-390, and 40-8-7.

34.

Defendant Im's actions in entering the highway of this state while knowingly operating a vehicle with a defective tire constitutes negligence *per se*.

35.

Defendant Im was further negligent in operating the vehicle by failing to keep a proper lookout.

36.

Defendant Im failed to observe or undertake necessary precautions to avoid causing a collision with the vehicle occupied by Plaintiff.

37.

Defendant Im never took evasive or other reasonable actions in order to prevent or minimize the impact between the vehicles.

38.

Defendant Im failed to maintain reasonable control of the vehicle being operated.

39.

Defendant Im failed to get the vehicle off of the roadway and out of expressway traffic.

40.

Defendant Im did not operate the vehicle in a safe and reasonable manner under the circumstances then-existing.

41.

Defendant Im's negligence, that constituted the direct and proximate cause of injury to Plaintiff, consisted of failing to exercise reasonable and ordinary care in the operation of the vehicle.

42.

Defendant Im operated the vehicle in disregard for the safety of other motorists on the roadways, particularly Plaintiff.

43.

Additional negligent acts and omissions by Defendant Im at said time and place shall be

shown by the evidence and proven at trial.

44.

As a direct and proximate result of the injuries sustained in this subject incident caused by the negligence of Defendant Im, Plaintiff has incurred past medical expenses in excess of $22,620.62:

| RECORD OF MEDICAL EXPENSES | |
|---|---|
| NAME OF MEDICAL PROVIDER | AMOUNT |
| Ease Wellness Chiropractic | $8,250.00 |
| Peachtree Spine Physicians | $14,370.62 |
| TOTAL | $22,620.62 |

45.

As a direct and proximate result of the injuries sustained in the subject incident caused by the negligence of Defendant Im, Plaintiff is expected to incur medical expenses in the future.

46.

By reason of the foregoing, Plaintiff Franklin D. Hudson is entitled to recover general damages from Defendant Hyeongyeong Im for his past and future physical and mental pain and suffering in such an amount as shall be shown by the evidence.

47.

By reason of the foregoing, Plaintiff Franklin D. Hudson is entitled to recover special damages from Defendant Hyeongyeong Im for his medical expenses, past and future, in such an amount as shall be shown by the evidence.

48.

Defendant Hyeongyeong Im's actions in failing to properly inspect, repair, and/or service the vehicle being driven in said collision entitles Plaintiff Franklin D. Hudson to recovery of the expenses of the subject litigation, including attorney's fees under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

49.

Plaintiff Franklin D. Hudson has put Defendant Hyeongyeong Im on notice that he is seeking attorney's fees, litigation costs, and expenses from Defendant Hyeongyeong Im.

50.

Those representatives who stand behind Defendant Hyeongyeong Im have acted in bad

6

faith, been stubbornly litigious, and/or caused Plaintiff Franklin D. Hudson unnecessary trouble and expense in litigating this case, thus, Plaintiff Franklin D. Hudson is entitled to recovery of the expenses of the subject litigation, including attorney's fees under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

## COUNT II
## VICARIOUS LIABILITY

### 51.

Paragraphs 1 through 50 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

### 52.

Upon information and belief, at all times material, and specifically at the time of the subject March 30, 2021 incident, Defendant Im was operating a 2021 Hyundai Palisade motor vehicle in the capacity as agent and/or employee of Defendant ABC.

### 53.

Should Defendant ABC be identified as employer for Defendant Im at the time of the subject incident, Defendant Im's negligence in the operation of said vehicle while she was acting in the scope of said agency and/or employment is imputable to Defendant ABC by virtue of the doctrine of *respondeat superior*.

### 54.

Defendant ABC was also negligent in its hiring, retention, and lack of training of Defendant Im in connection with the operation of the 2021 Hyundai Palisade motor vehicle.

### 55.

Defendant ABC was further negligent in entrusting said vehicle to Defendant Im.

### 56.

Defendant ABC negligently failed to perform its duty to properly vet, hire, train, supervise, and monitor its employee, agent, and/or "independent" driver, Defendant Im.

### 57.

Additional negligent acts and omissions by Defendant ABC at the said time and place shall be shown by the evidence proven at trial.

### 58.

As a direct and proximate result of the injuries sustained in this subject incident caused by

7

the negligence of Defendants, Plaintiff has incurred past medical expenses in excess of $22,620.62:

| RECORD OF MEDICAL EXPENSES | |
|---|---|
| **NAME OF MEDICAL PROVIDER** | **AMOUNT** |
| Ease Wellness Chiropractic | $8,250.00 |
| Peachtree Spine Physicians | $14,370.62 |
| **TOTAL** | **$22,620.62** |

59.

As a direct and proximate result of the injuries sustained in the subject incident caused by the negligence of Defendants, Plaintiff is expected to incur medical expenses in the future.

60.

By reason of the foregoing, Plaintiff Franklin D. Hudson is entitled to recover general damages from Defendants for his past and future physical and mental pain and suffering in such an amount as shall be shown by the evidence.

61.

By reason of the foregoing, Plaintiff Franklin D. Hudson is entitled to recover special damages from Defendants for his medical expenses, past and future, in such an amount as shall be shown by the evidence.

62.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff Franklin D. Hudson unnecessary trouble and expense in litigating this case, thus, Plaintiff Franklin D. Hudson is entitled to recovery of the expenses of the subject litigation, including attorney's fees under Georgia law. O.C.G.A. § 13-6-11.

<u>**COUNT III**</u>
<u>**PUNITIVE DAMAGES**</u>

63.

Paragraphs 1 through 62 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

64.

Defendant Im's actions, including knowingly and intentionally operating the motor vehicle with a flat or defective tire onto I-85S during rush hour traffic, in the left lane of I-85S, constitutes a conscious indifference to the consequences, entitling Plaintiff Franklin D. Hudson to recover

8

punitive damages pursuant to O.C.G.A. § 51-12-5.1

WHEREFORE, Plaintiff, Franklin D. Hudson, prays and respectfully demands verdict and judgment as follows:

a) That summons and process be issued and that Defendant be served with a copy of this Summons and Complaint as required by law and that Defendant be required to appear and answer;

b) That Plaintiff Franklin D. Hudson be awarded general damages from Defendant Hyeongyeong Im for past and future physical and mental pain and suffering in such an amount as may be shown by the evidence;

c) That Plaintiff Franklin D. Hudson be awarded special damages from Defendant Hyeongyeong Im for past, present, and future medical expenses in such an amount as shall be shown by the evidence;

d) That Plaintiff Franklin D. Hudson be awarded attorney's fees and expenses of litigation from Defendant Hyeongyeong Im pursuant to O.C.G.A. § 13-6-11, and as authorized by law;

e) That Plaintiff Franklin D. Hudson be awarded general damages from Defendant ABC Company, Inc. for past and future physical and mental pain and suffering in such an amount as may be shown by the evidence;

f) That Plaintiff Franklin D. Hudson be awarded special damages from Defendant ABC Company, Inc. for past, present, and future medical expenses in such an amount as shall be shown by the evidence;

g) That Plaintiff Franklin D. Hudson be awarded attorney's fees and expenses of litigation from Defendant ABC Company, Inc. pursuant to O.C.G.A. § 13-6-11, and as authorized by law;

h) That Plaintiff Franklin D. Hudson recover punitive damages against Defendants pursuant to O.C.G.A. § 51-12-5.1;

i) That Plaintiff Franklin D. Hudson be granted such other and further relief as may be shown by the evidence and authorized by law; and

j) For any other relief this Court deems just and proper.

9

Respectfully submitted this 31 day of March, 2022.

SWANK LAW GROUP, LLC

BY: _____

Heather V. Valentine
State Bar No.: 937284
William L. Swank, II
State Bar No.: 693880
Attorneys for Plaintiff

675 Mansell Road, Suite 130
Roswell, Georgia 30076
(404) 530-9088
hvalentine@swanklawgroup.com
bswank@swanklawgroup.com

STATE COURT OF
DEKALB COUNTY, GA.
3/31/2022 3:58 PM
E-FILED
BY: Monica Gay

10

No. _22A01224_____

**Date Summons Issued and E-Filed**

3/31/2022
_____

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

FRANKLIN D. HUDSON,
_____

_____
Plaintiff's name and address

**vs.**

HYEONGYEONG IM, and
_____

ABC COMPANY, INC.,
_____
Defendant's name and address

[ ] JURY

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Heather V. Valentine / Swank Law Group, LLC
_____
Name
675 Mansell Road, Suite 130 Roswell, Georgia 30076
_____
Address
(404) 530-9088                              937284
_____
Phone Number                        Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                                        Third Party Attorney

_____          _____
Address                                                          Address

_____          _____
Phone No.                      Georgia Bar No.        Phone No.        Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐Other
                                                                    Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| FRANKLIN D. HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: 22A01224 |
| | ) | |
| v. | ) | |
| | ) | |
| HYEONGYEONG IM and ABC COMPANY, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S REQUESTS FOR ADMISSION, FIRST INTERROGATORIES, AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO DEFENDANT HYEONGYEONG IM**

COMES NOW Franklin D. Hudson, Plaintiff in the above-styled action ("Plaintiff"), and pursuant O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34, and 9-11-36, hereby requests and instructs Defendant Hyeongyeong Im ("Defendant Im") to answer the following Requests for Admission, First Interrogatories, and Requests for Production of Documents separately and fully in writing under oath, and to serve your answers upon counsel for Plaintiff, Heather V. Valentine, SWANK LAW GROUP, LLC, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, within forty-five (45) days after service.

**DEFINITIONS**

(a)     The following Requests and Interrogatories seek information available to Defendant Im, her attorneys and agents, and all persons acting on their behalf. Accordingly, as used herein, the term "Defendant," "you," or "your," refer without limitation to Defendant Im, Defendant Im's attorneys or investigators, insurers, agents, and all other persons acting on Defendant Im's behalf.

(b)     The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodiscs, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer discs, computer printouts, photocopies, and any other data, sound, or image compilation or recording from which information regarding the described can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

STATE COURT OF
DEKALB COUNTY, GA.
3/31/2022 3:58 PM
E-FILED
BY: Monica Gay

(c)    As used herein, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.  When the term "identify" is used in conjunction with the term "person" or if the answer to any of the following refers to a person (as defined herein), you are to state each such person's: (1) full legal name, (2) present or last known address and telephone number, business or residential, and (3) occupation, job title, business affiliation, and/or nature of business.

(d)    When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any of the following refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of creation or origin, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item, all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory and/or Request to which the document is responsive.

(e)    If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication; additionally, state the basis for any asserted claim of privilege.

(f)    As used herein, "date" should mean the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(g)    As used herein, "subject incident" means the March 30, 2021 incident which forms the basis for Plaintiff's Complaint.

(h)    As used herein, "subject vehicle" means the vehicle operated by Defendant Im at the time of the subject occurrence.

(i)    If Defendant Im objects to part of an Interrogatory or Request and refuses to answer that part, state the objection and answer the remaining portion of that Interrogatory or Request.  If Defendant Im objects to the scope or time period of an Interrogatory or Request and refuses to answer for that scope or time, state the objection in an answer for that Interrogatory or Request and state the scope and time period that Defendant Im contends is appropriate.

(j)    If any of the following cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying Defendant Im's inability to answer the remainder, and stating whatever information Defendant Im has concerning the Interrogatory or Request.

## REQUESTS FOR ADMISSION

1.

Defendant Im is a proper party to this lawsuit.

2.

Defendant Im has been properly identified in the Complaint.

3.

Defendant Im was properly served with the Summons and Complaint for this matter.

4.

Venue is proper as to Defendant Im.

5.

This Court has personal jurisdiction over Defendant Im.

6.

Plaintiff's actions did not cause or contribute to the subject incident.

7.

Plaintiff was injured in the incident.

8.

Plaintiff incurred medical expenses for treatment of injuries resulting from the subject incident.

9.

The motor vehicle operated by Defendant Im was owned by Defendant Im.

10.

The motor vehicle operated by Defendant Im was owned by Defendant ABC Company, Inc.

11.

The motor vehicle operated by Defendant Im was being operated by Defendant Im with the knowledge, permission, and consent of its owner.

12.

Defendant Im was acting as agent of Defendant ABC Company, Inc. at the time of the subject incident.

13.

Defendant Im was acting as employee of Defendant ABC Company, Inc. at the time of the

3

subject incident.

14.

Defendant Im was operating the subject vehicle at the time of the incident on behalf of Defendant ABC Company, Inc.

15.

Defendant Im was performing her contractual duties on behalf of Defendant ABC Company, Inc. at the time of the subject incident.

16.

Plaintiff's actions did not cause or contribute to the subject incident.

17.

Other than those parties named in the Complaint, there are no other persons or entities that caused and/or contributed to the subject incident.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

The within Interrogatories and Requests for Production of Documents are continuing in nature and require supplemental response upon the discovery of other or further information or documents pertinent thereto in accordance with the Georgia Civil Practice Act and O.C.G.A. § 9-11-26(e).

In answering the following Interrogatories, Defendant Im is required to give full and complete information based upon the knowledge, information, and belief of all agents, employees, investigators, adjusters, attorneys, and insurers of said Defendant. If Defendant Im objects to any portion of any Interrogatory, answer such Interrogatory fully to the extent that such objection does not apply, and specify which part(s) Defendant Im is unable to answer and why.

1.

State the name and address of any person, including any party, who, to your knowledge, information, or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history, or activities of Plaintiff.

2.

To your knowledge, information, or belief, has any person identified in answering the

4

preceding Interrogatory given any statement or report in connection with this action?  If so, state the name, address, and employer of the person who provided and who obtained each statement and the date such statement was given and/or obtained.

3.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

4.

Please state your full name, present residential address (including dates of residence), email address, date of birth, social security number, and the name of your spouse and children, if any, and the names of all residents of your household.

5.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, a copy of Defendant Im's driver's license.  In lieu thereof, you may attach copies to your answers to these interrogatories.

6.

Please list each and every full-time job, part-time job, or vocation held by you by way of gainful employment during the last ten (10) years and, as to each such instance of employment, give the name, address, the dates of employment, the positions held, and a brief description of the job.

7.

To your knowledge, information, or belief, are there any videotapes, photographs, plats, or drawings of the scene, the vehicles involved in the collision, the incident referred to in the Complaint, or Plaintiff?  If so, please describe such videotapes, photographs, plats, or drawings and give the name and address of the person having custody and control thereof.

8.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, all such videotapes, photographs, plats, or drawings as identified in response to Interrogatory No. 7 above.  In lieu thereof, you may attach copies to your answers to these interrogatories.

9.

Does any entity provide liability insurance to Defendant Im and/or the vehicle Defendant Im was operating?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

10.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, any and all policies of insurance identified in response to Interrogatory No. 9.  In lieu thereof, you may attach copies to your answers to these interrogatories.

11.

Do you contend that Plaintiff or any other person caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

12.

State the name, address, telephone number, and employer of each person who has knowledge or information as identified in response to Interrogatory No. 11 above.

13.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which s/he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

14.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to Interrogatory No. 13.  In lieu thereof, you may attach copies to your answers to these interrogatories.

15.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, any documents obtained from non-parties through a request for production of documents or subpoena. In lieu thereof, you may attach copies to your answers to these interrogatories.

16.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

17.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting Plaintiff. In lieu thereof, you may attach copies to your answers to these interrogatories.

18.

Was Defendant Im on the business of any individual or entity at the time of the incident? If so, please identify any such individual or entity including name, address, and telephone number.

19.

Please explain the circumstances under which you were operating the vehicle on March 30, 2021, including your point of origin, destination, the route chosen to the destination, any stops made prior to the collision, and the reason for the trip being made by you at the time of the incident referred to in the Complaint.

20.

Detail each and every arrangement or agreement between you, Defendant ABC Company, Inc., and/or any other individual or entity under which you were performing services at the time of the collision.

21.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, any and all contracts, agreements, pacts, or written understandings between you and Defendant ABC Company, Inc. and/or Sompo America Insurance Company. Please note that this Request includes all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements.

22.

Please identify all automobile incidents and moving violations for Defendant Im for the fifteen (15) years prior to the incident referred to in the Complaint and up to and including the date of Defendant Im's responses, including the date of the event, the location, the jurisdiction, and a description of the event.

23.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, copies of any and all documents, including but not limited to citations, incident reports, crash reports, pleadings, evidence, and any other document or thing referencing, regarding, and/or otherwise supporting your response to the preceding Interrogatory. In lieu thereof, you may attach copies to your answers to these interrogatories.

24.

Was Defendant Im holding, looking at, or in any way using a cell phone at the time of the subject incident?

25.

Please identify any and all cell phones available to Defendant Im on the date of the incident, including whether the phone was a personal or company phone, the cell phone number, service provider, and listed owner for each cell phone.

26.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, copies of cell phone records showing incoming and outgoing calls, texts, and messages for each such cell phone on the date of the incident. In lieu thereof, you may attach copies to your answers to these interrogatories.

27.

If Defendant Im has ever pled guilty to, been found guilty of, or been convicted of any crime, please identify the date of the offense, the jurisdiction, and a description of the offense.

28.

Please state in detail the factual basis for each defense you have raised in your answer to the Complaint.

29.

If Defendant Im received a traffic citation for the subject incident, state in detail the disposition thereof.

30.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, a certified copy of the case disposition for the preceding Interrogatory. In lieu thereof, you may attach copies to your answers to these interrogatories.

31.

State whether Defendant Im or her agents, representatives, insurer, or any other person or entity on behalf of or associated with Defendant Im, has conducted or performed any type of surveillance on Plaintiff and, if so, state the date(s) of surveillance and name(s), address(es) and telephone number(s) of the entity and person(s) performing such surveillance.

32.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, all such surveillance videotapes, photographs, reports, or any other documents as identified in response to Interrogatory No. 31 above. In lieu thereof, you may attach copies to your answers to these interrogatories.

33.

State the cost of repairs to Defendant Im's vehicle from the subject collision and the name of the person and entity that performed such services.

34.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, all repair estimates and photographs of the vehicle Defendant Im was operating. In lieu thereof, you may attach copies to your answers to these interrogatories.

35.

State each and every fact and/or reason which evidences, shows, or proves in any way that Plaintiff's injuries, medical treatment, and damages were not caused or brought about by the subject collision.

9

36.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, all such documents, recordings, videotapes, photographs, plats, or drawings which support or explain your response to Interrogatory No. 35 above. In lieu thereof, you may attach copies to your answers to these interrogatories.

37.

State the name, address, telephone number, title, and employer of each person with knowledge that:

(a) Plaintiff's injuries were not caused or brought about by the subject collision;

(b) Plaintiff's medical treatments were not caused or brought about by the subject collision;

(c) Plaintiff's damages were not caused or brought about by the subject collision.

38.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, each and every document, videotape, photograph, report, data, memoranda, handwritten notes, or other document which evidences, shows, or proves that:

(a) Plaintiff's injuries were not caused or brought about by the subject collision;

(b) Plaintiff's medical treatments were not caused or brought about by the subject collision;

(c) Plaintiff's damages were not caused or brought about by the subject collision.

In lieu thereof, you may attach copies to your answers to these interrogatories.

39.

State whether Defendant Im's insurer has issued an "excess assurance letter" or similar guarantee to or for Defendant Im as concerns the claim of Plaintiff.

40.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, any such letter identified in response to Interrogatory No. 39. In lieu thereof, you may attach copies to your answers to these interrogatories.

41.

State the date and time of the last inspection you made on the vehicle prior to the collision,

how the inspection was performed, what areas were inspected, who was present for the inspection, and the results of the inspection.

42.

To the extent that you have not already done so, please explain the legal and/or business relationship between you and Defendant ABC Company, Inc., and Sompo America Insurance Company.

43.

You are requested to produce for inspection and copying by Plaintiff at the office of SWANK LAW GROUP, LLC, Heather V. Valentine, 675 Mansell Road, Suite 130 Roswell, Georgia 30076, any and all correspondence, including phone calls, voicemails, text messages, MMS (photo/video) messages, online account / portal message, and any other communication, electronic or otherwise, between you and any individual or entity related to, referencing, discussion, or otherwise identifying the subject incident.

Respectfully submitted this 31 day of March, 2022.

SWANK LAW GROUP, LLC

BY: _____
Heather V. Valentine
State Bar No.: 937284
William L. Swank, II
State Bar No.: 693880
Attorneys for Plaintiff

675 Mansell Road, Suite 130
Roswell, Georgia 30076
(404) 530-9088

STATE COURT OF
DEKALB COUNTY, GA.
3/31/2022 3:58 PM
E-FILED
BY: Monica Gay

11

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___DeKalb___ County

| For Clerk Use Only | |
|---|---|
| Date Filed  3/31/2022 | Case Number  22A01224 |
| MM-DD-YYYY | |

**Plaintiff(s)**

| Hudson | Franklin | D. | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Im | Hyeongyeong | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Inc. | ABC Company, | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney**  Heather V. Valentine    **State Bar Number**  937284    **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐  Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                **Case Number**

☒  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐  Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20
STATE COURT OF
DEKALB COUNTY, GA.
3/31/2022 3:58 PM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

FRANKLIN D. HUDSON,        )
                               )
        Plaintiff,      )    CIVIL ACTION FILE NO.: 22A01224
                               )
v.                       )
                               )
HYEONGYEONG IM and ABC COMPANY, )
INC.,                 )
                               )
        Defendants.   )
                               )

### MOTION FOR APPOINTMENT OF SPECIAL AGENT FOR SERVICE

COMES NOW, Franklin D. Hudson, Plaintiff in the above-styled action ("Plaintiff"), by and through his counsel of record, who hereby moves this Honorable Court to enter an Order naming Benjamin Lee Bugg of Professional Legal Services & Investigations, LLC as Special Agent to serve Defendant Hyeongyeong Im with a copy of any and all Pleadings in this action at her home residence in Alabama pursuant to O.C.G.A. § 9-11-4(c).

In support thereof, counsel for Plaintiff, Swank Law Group, LLC, shows that we have confirmed Benjamin Lee Bugg is not a party to this lawsuit, is over eighteen (18) years of age, a citizen of the United States of America, not related to any of the parties to this suit or their counsel, and has no interest in the above-styled action. O.C.G.A. § 9-11-4(c)(3), (4).

WHEREFORE, Plaintiff Franklin D. Hudson moves this Court for an Order appointing Benjamin Lee Bugg, who is a citizen of the United States of America, is not an interested party nor party to the suit, is over the age of eighteen (18), and therefore statutorily qualified to serve process in this case as set forth above. Id. Moreover, Mr. Bugg is appointed in several courts, has served process successfully for years, and is not an employee of Plaintiff.

Respectfully submitted this 13 day of April, 2022.

*Signature on following page.*

SWANK LAW GROUP, LLC

BY: _____

Heather V. Valentine
State Bar No.: 937284
William L. Swank, II
State Bar No.: 693880
Attorneys for Plaintiff

675 Mansell Road, Suite 130
Roswell, Georgia 30076
(404) 530-9088
hvalentine@swanklawgroup.com
bswank@swanklawgroup.com

STATE COURT OF
DEKALB COUNTY, GA.
4/13/2022 9:55 AM
E-FILED
BY: Kelly Johnson

2

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

FRANKLIN D. HUDSON,          )
                                    )
         Plaintiff,      )      CIVIL ACTION FILE NO.: 22A01224
                                    )
v.                             )
                                    )
HYEONGYEONG IM and ABC COMPANY, )
INC.,                           )
                                    )
         Defendants.    )

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing **Motion for Appointment of Special Agent for Service** and (Proposed) **Order for Appointment of Special Agent for Service** by electronically filing through the Court-ordered Odyssey eFileGA, and by placing a copy in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery to:

**Defendant Hyeongyeong Im**
944 Starr Court
Auburn, Alabama 36830

This 13 day of April, 2022.

                                   SWANK LAW GROUP, LLC

                                   BY: _____
                                   Heather V. Valentine
                                   State Bar No.: 937284
                                   William L. Swank, II
                                   State Bar No.: 693880
                                   Attorneys for Plaintiff

675 Mansell Road, Suite 130
Roswell, Georgia 30076
(404) 530-9088
hvalentine@swanklawgroup.com
bswank@swanklawgroup.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

FRANKLIN D. HUDSON,                    )
                                       )
        Plaintiff,                 )          CIVIL ACTION FILE NO.: 22A01224
                                       )
v.                                     )
                                       )
HYEONGYEONG IM and ABC COMPANY,        )
INC.,                                  )
                                       )
        Defendants.                )

### AFFIDAVIT

Before the undersigned officer, duly authorized to administer oaths, personally appeared, Benjamin Lee Bugg of Professional Legal Services & Investigations, LLC, a resident of Alabama ("Affiant"), who, being duly sworn and upon oath deposes the following:

1.

My name is Benjamin Lee Bugg. I am a United States citizen over the age of eighteen (18) and am competent to make this Affidavit. I am statutorily qualified to serve process by appointment. I am not related to nor employed by any party or attorney in this matter.

2.

I am of sound mind, am fully qualified, and do not suffer from any debilitating mental illness or legal disability that would impede appointment. I presently offer to serve process in difficult situations for several firms who regularly employ me as an investigator. Although the State of Alabama does not have a process server licensing/appointment law, any person over the age of eighteen (18) who is not a convicted felon can serve process in Alabama; I am a qualified process server and am statutorily qualified to serve process by appointment.

3.

Professional Legal Services & Investigations, LLC is a member of the National Association of Professional Process Servers (NAPPS). We are governed by strict and ethical rules. All associates are over the age of eighteen (18) and do not work directly for any law firm which requests our services. We do not accept service of process requests for any case where any person in the company has an interest or a relationship with any party.

This Affidavit is submitted in support of Plaintiff Franklin D. Hudson's Motion for Appointment of Special Agent for Service and the accompanying Proposed Order to have myself, Benjamin Lee Bugg of Professional Legal Services & Investigations, LLC, appointed as special process server so that service of summons and process be perfected upon Defendant Hyeongyeong Im at her residence in the State of Alabama.

FURTHER AFFIANT SAYETH NAUGHT.

Benjamin Lee Bugg (SEAL)

Sworn to and subscribed before me this 27 day of April, 2022.

Notary Public
My commission expires:

STATE COURT OF
DEKALB COUNTY, GA.
4/27/2022 4:34 PM
E-FILED
BY: Monique Roberts

2

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

FRANKLIN D. HUDSON,       )
                             )
           Plaintiff,     )     CIVIL ACTION FILE NO.: 22A01224
                             )
v.                         )
                             )
HYEONGYEONG IM and ABC COMPANY, )
INC.,                       )
                             )
          Defendants.   )
                             )

## ORDER FOR APPOINTMENT OF SPECIAL AGENT FOR SERVICE

Upon Motion and for proper cause shown pursuant to O.C.G.A. § 9-11-4(c)(3), (4), it is hereby ORDERED that Benjamin Lee Bugg of Professional Legal Services & Investigations, LLC, who is a citizen of the United States over the age of eighteen (18) and qualified to serve process by Appointment, is authorized and specially appointed by this Court to personally serve a copy of the Summons, Complaint, Discovery Requests, and all Pleadings in this action upon Defendant Hyeongyeong Im named herein, wherever she may be located, and/or upon such person authorized by law to accept such service on Defendant Hyeongyeong Im's behalf.

**SO ORDERED** this 9th day of May, 2022.

_(signature)_
Judge Ana/Maria Martinez
State Court of DeKalb County

Prepared by:
/s/ _Heather V. Valentine_
Heather V. Valentine
State Bar No.: 937284
SWANK LAW GROUP, LLC
675 Mansell Road, Suite 130
Roswell, Georgia 30076
(404) 530-9088
_Counsel for Plaintiff_

## AFFIDAVIT OF SERVICE

**State of Georgia**                                County of De Kalb                                          **State Court**

Case Number: 22A01224

Plaintiff: **FRANKLIN D HUDSON**
vs
Defendant: **HYEONGYEONG IM AND ABC COMPANY INC.**

For: Swank Law Group, LLC

Received by Professional Legal Services & Investigations, LLC to be served on Hyeongyeong Im, 944 Starr Court, Auburn, AL 36830 , ____ Ben Bush ____ , being duly sworn, depose and say that on the ____11____ day of ____MAY____ 2022 at / 45 a.m., executed service by delivering a true copy of the **Summons and Complaint for Personal Injuries, Pain and Suffering, Medical Expenses and Plaintiff's Request for Admissions and First Interrogatories and Request for Production of Documents to Defendant Hyeongyeong Im and Order for Appointment of Special Agent for Service** in accordance with state statutes in the manner marked below:

(✓) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes  or  ( ) No   If yes, what branch? _____

Marital Status:( ) Married  or  ( ) Single   Name of Spouse _____

COMMENTS:_____
_____
_____
_____

Age ____  Sex M F  Race _____  Height _____  Weight _____  Hair _____  Glasses Y N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the **11**
day of ____MAY____ 2022 by the affiant who
is personally known to me.

_____
NOTARY PUBLIC
mae march 9, 2025

PROCESS SERVER # **LLA PI #455**
Appointed in accordance with State Statutes

**Professional Legal Services & Investigations, LLC**
**P.O. Box 1078**
**Columbus, GA 31902-1078**
**(706) 610-0599**

Our Job Serial Number: 2022001928

